UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Gwen Triche<br><br>　　　　Plaintiff,<br><br>v.<br><br>The CCS Companies dba Credit Collection Services<br><br>　　　　Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Gwen Triche, ("Gwen"), is a natural person who resided in Chicago, Illinois, at all times relevant to this action.

2. Defendant, The CCS Companies dba Credit Collection Services, ("CCS"), is a Delaware Corporation that maintained its principal place of business in Newton, Massachusetts, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**STATEMENT OF FACTS**

5. CCS uses a predictive dialer system.

6. Before CCS began contacting Gwen, it and Gwen had no prior business relationship and Gwen had never provided express consent to CCS to be contacted on her cellular telephone.

7. CCS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of CCS's revenue is debt collection.

9. CCS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, CCS contacted Gwen to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Gwen is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, CCS willingly and knowingly used an automatic telephone dialing system to call Gwen on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Around December 2013, CCS contacted Gwen on Gwen's cellular phone in connection with the collection of the debt.

15. During this communication, Gwen notified CCS Gwen was represented by an attorney and provided her attorney's contact information.

16. In addition, Gwen requested CCS cease further calls to Gwen.

17. Despite this notice, CCS contacted Gwen, on more than one occasion, on Gwen's cellular phone, in connection with the collection of the debt, most recently on or around March 18, 2014.

18. On more than one occasion, Gwen requested CCS cease further calls to Gwen.

19. On more than one occasion, Gwen notified CCS Gwen was represented by an attorney and provided her attorney's contact information.

20. On at least one occasion, CCS claimed Gwen owed on multiple accounts.

21. On at least one occasion, CCS stated Gwen owed on only one account.

22. Gwen's financial situation caused anxiety for Gwen and the continued calls from CCS compounded Gwen's stress.

23. CCS caused Gwen emotional distress.

24. CCS attempted to collect a debt from Gwen.

25. Defendant violated the FDCPA and TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT SIX

**Violations of the Telephone Consumer Protection Act**

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

38. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

39. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

          RESPECTFULLY SUBMITTED,

          Hyslip & Taylor, LLC LPA

          By:   /s/ Jeffrey S. Hyslip
          One of Plaintiff's Attorneys

Date: August 5, 2014

Jeffrey S. Hyslip, Esq.
917 W. 18th St., Suite 200
Chicago, IL 60608
312-380-6110
jeffrey@lifetimedebtsolutions.com